THE GREEN BAY & MISSISSIPPI CANAL COMPANY vs. THE SUPERVISORS OF CLARK COUNTY and another.

*Review of taxation of costs in supreme court.*

1. Where the clerk of this court, in taxing costs, has followed strictly the direction of the court in a matter on which the mind of the court expressly acted, and the thirty days' jurisdiction of the appeal after judgment, and

the term of judgment, have both passed, the taxation cannot be reviewed.

[2. Whether, where an error in the taxation of costs on appeal is merely that of the clerk, it may be corrected by the court after jurisdiction of the appeal has ceased, or even after the term, is not here considered.]

APPEAL from the Circuit Court for *Clark* County.

Judgment in this cause was entered here on the 23d of October, 1877, reversing the judgment of the court below. On taxing the costs against the respondent, January 3, 1878, the clerk of this court refused to allow anything for the printed cases. On the 8th of February following, the plaintiff appealed to the court from the taxation.

Briefs on the question of taxation were filed, by *Sloan, Stevens & Morris* for the appellant, and by *S. U. Pinney* for the respondent; and there was oral argument by *Mr. Stevens* and *Mr. Pinney*.

For the appellant it was contended, that the party prevailing in this court on an appeal, whether in law or equity, has an absolute right to costs, and the court has no discretion (Laws of 1860, ch. 264, sec. 36; Tay. Stats., p. 1644, § 41, p. 1532, § 58, and p. 1299, § 23; *Durkee v. Janesville*, 28 Wis., 464; *Paine v. Chase*, 14 id., 653, 657; *First Nat. B'k v. Prescott*, 27 id., 616; *Smith v. Wait*, 39 id., 512, 514, 515; *Lultgor v. Walters*, 64 Barb., 417, 420; *Carpentier v. Wittel*, 3 Rob., 700); that the items which the clerk may tax are clearly specified in the statute (§ 41, *supra*); and that the direction of the court in this case, which was for a reversal " with costs," constitutes the judgment, and, in connection with the statute (§ 41, *supra*), constitutes the full and complete exercise of the mind of the court, and a review of the subsequent adjustment of costs by the clerk, by motion or appeal, is unaffected by the lapse of the term, or of the thirty days prescribed by section 7 of the appeal act and rule 21 of the court. 2 Barb. Ch. Pr. (2d ed.), 324, 343; *Loyd v. Brewster*, 5 Paige, 87; *Beattie v. Qua*, 15 Barb., 132; *Stimson v. Huggins*, 16 id., 658; *Gilmartin v.*

*Smith*, 4 Sandf. S. C., 684; *Whipple v. Williams*, 4 How. Pr., 28. The practice was the same before the code.   7 Cow., 412; 2 Wend., 244; Graham's Pr. (2d ed.), 238.

For the respondent it was contended, that the judgment "for costs" was for such costs as could be allowed in conformity to the opinion, and cannot be construed as a judgment for costs expressly refused by the opinion; that in case of a reversal, the opinion goes with the judgment, and as a part of it (Tay. Stats., p. 1297, § 15, p. 1299, § 21, and p. 1300, § 28); that the appellant, not having moved for a rehearing nor for a change in the direction of the court respecting costs, within the time prescribed, could not now object to the judgment; that in this country, a judgment in equity is considered as enrolled at the end of the term, and can be altered only on bill of review *(Dexter v. Arnold*, 5 Mason, 303), being as final in that respect as a judgment at law; and that in neither case can the court modify the judgment or decree after the term, at least as to any matter upon which the mind of the court is presumed to have acted.   *Ætna Ins. Co. v. McCormick*, 20 Wis., 265; *State v. Waupaca Co. Bank*, id., 640; 41 id., 359.

RYAN, C. J.   This was one of the kindred causes argued and decided with *Marsh v. Supervisors*, 42 Wis., 502.   When we ruled in that case that no allowance should be taxed for any of the printed cases, we were under the belief that the same objection applied to them all.   So far as this particular appeal is concerned, it now appears that we were mistaken; that the printed case here was unobjectionable, and was guilty only of being found in bad company.   As the mistake was our own, we feel the greater regret that this application comes too late to correct it.

Where an error arises in the taxation of costs by mere mistake of the clerk, it is not necessary here, and we are not prepared, to say that the taxation may not remain within the power of the court, after jurisdiction of the appeal has ceased

by the statute, or even after the term. But here the mistake is not the mistake of the clerk. The clerk strictly followed the direction of the court, in a matter on which the mind of the court expressly acted, as expressly as upon the judgment of the appeal itself.. The thirty days' jurisdiction of the appeal, after judgment, and the term of judgment, had both passed before this appeal from the clerk's taxation was taken. And, under all the cases, we are now powerless to correct our own mistake. We are, therefore, reluctantly compelled to hold that we have lost all authority to review the clerk's taxation, because we have lost all jurisdiction to review our own error governing the taxation.